1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| MARTY EMMONS and MAGGIE EMMONS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ESCONDIDO; EPD Chief of Police CRAIG CARTER; former EPD Chief of Police JIM MAHER; EPD Sgt. KEVIN TOTH; EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN and JOSEPH LEFFINWELL, <br><br> Defendants. | CASE NO. 14cv1662 JM(DHB) <br><br> ORDER DENYING MOTION FOR RELIEF FROM CLAIMS FILING REQUIREMENT OF CALIFORNIA GOVERNMENT CODE §945.4; DENYING MOTION TO DISMISS (CT. DKT. 4) AS MOOT |

19
20
21
22
23
24
25

Plaintiffs Marty Emmons ("Mr. Emmons") and his daughter Maggie Emmons ("Ms. Emmons") move for relief from the claim filing requirements of California Government Code §945.4. Defendants City of Escondido, Craig Carter, Kevin Toth, Robert Craig, Huy Quach, Jake Houchin and Joseph Leffinwell oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion for relief from the claims filing requirements of Government Code §954.4 and denies the pending motion to dismiss as moot. (Ct. Dkt. 4).

26

**BACKGROUND**

27
28

On May 27, 2014, Plaintiffs commenced this federal question action by alleging six causes of action for violation of the Civil Rights Act, 42 U.S.C. §1983, and one

claim for violation of the Bane Act, Cal. Civil Code §§52.1 and 52.3.  Precisely one year prior to filing the complaint, on May 27, 2013, Plaintiffs allege that Defendants violated their civil rights when police officers responded to a 911 call.  On that date, the mother of Ms. Emmons' roommate, Trina Douglas, while speaking with her daughter, Ametria Douglas, called 911 to report what she believed was an on-going fight at the apartment.  Trina Douglas "called 911 in the hopes that someone would check on the well-being of her daughter." (Compl. ¶23).

Officers Craig and Houchin were dispatched to conduct a welfare check on the occupants of the residence.  Upon arrival the Officers encountered Ametria Douglas, the subject of the 911 call, in the pool with Ms. Emmons' children.  Ametria Douglas allegedly told the officers that "she was fine and there was no need to go inside Ms. Emmons' residence."  Nevertheless, [the Officers] proceeded to the door of Ms. Emmons' residence. (Compl. ¶24).  Unbeknownst to the Officers, Mr. Emmons was inside the residence with his daughter.

Ms. Emmons denied the Officers request to enter the residence.  Ms. Emmons spoke to the Officers through a window on the side of her residence and continued to refuse entry to the residence. (Compl. ¶30).  The Officers insisted on entering the premises and informed Ms. Emmons that additional police officers would respond and would force entry into the residence unless they were allowed to enter the residence. (Compl. ¶29).  Ms. Emmons insisted that the Officers needed a search warrant before entering the home. (Compl. ¶32).  By this time Sergeant Toth and Officers Leffinwell and Quach responded to the call for support.

Mr. Emmons then "unlocked and opened the front door, and exited his daughter's residence through the front door.  Officer Craig stepped up and demanded that Mr. Emmons not close the door.  As Mr. Emmons stepped out, Officer Craig then attempted to force the door open with his foot.  Mr. Emmons brushed past Officer Craig and closed the door behind him." (Compl. ¶35).  Officer Craig then "grabbed Mr. Emmons and forced him to the ground," injuring his back. (Compl. ¶36).  The

14cv1662

1   Officers then entered and searched the residence.

2        Mr. Emmons was arrested and cited for violation of Penal Code §148(a) for
3   resisting and delaying a peace officer and then released. (Compl. 44). The District
4   Attorney's Office dismissed the case against Mr. Emmons in February 2014.

5        Based upon this generally described conduct Plaintiffs allege six civil rights
6   claims: (1) unlawful seizure, arrest, and detention; (2) excessive force; (3) unreasonable
7   search without a warrant; (4) municipal liability under Monell; (5) failure to train; and
8   (6) failure to supervise and discipline. Plaintiffs also allege a single state law claim for
9   violation of the Bane Act.

10                    **DISCUSSION**

11        Under California's Government Claims Act, Government Code § 810 et seq, a
12   claim for monetary damages against a public entity and its employees must be brought
13   within six months of accrual of the cause of action. The failure to do so bars the
14   plaintiff from bringing suit against that entity. Government Code § 945.4. The policy
15   underlying the claims presentation requirements is to afford prompt notice to public
16   entities. This permits early investigation and evaluation of the claim and informed
17   fiscal planning in light of prospective liabilities. California Restaurant Management
18   Systems v. City of San Diego, 195 Cal.App.4th 1581, 1591 (2011). Only after the
19   public entity's board has acted upon or is deemed to have rejected the claim may the
20   injured person bring a lawsuit alleging a cause of action in tort against the public entity.
21   Id.

22        If a claim is not timely presented, the claimant has two potential remedies. First,
23   under § 911.4, "[w]hen a claim that is required by Section 911.2 to be presented not
24   later than six months after the accrual of the cause of action is not presented within that
25   time, a written application may be made to the public entity for leave to present that
26   claim. The application shall be presented to the public entity ... within a reasonable
27   time not to exceed one year after the accrual of the cause of action and shall state the
28   reason for the delay."

The second remedy, purportedly applicable to Plaintiffs, places the burden on Plaintiffs to show that the failure to present the claim in a timely manner was due to mistake, inadvertence, surprise or excusable neglect.  Government Code §946.6. "Once it has been shown that an application for leave to file a late claim was made within a reasonable time and that the failure to present a timely claim was through mistake, inadvertence, surprise or excusable neglect, the burden shifts to the public entity to establish by a preponderance of the evidence that it would be prejudiced if the court relieves the petitioner from the six-month claim presentation requirements." Renteria v. Juvenile Justice, Department of Corrections and Rehabilitation, 135 Cal.App.4th 903, 909–910 (2006).  This provision is "designed to prevent the claim statutes as serving as a trap for laymen, unlearned in the law, ignorant of the claim requirement and [] unaware of the existence of a tenable cause of action." Syzemore v. County of Sacramento, 55 Cal.App.3d 517, 524 (1976).

Applying Government Code §946.6, the court concludes that Plaintiffs fail to show that relief from the claims filing requirement is warranted under the circumstances.  First, Plaintiffs submit no admissible evidence as to the reasons for their failure to comply with the claims filing requirements.  Plaintiffs submit the inadmissible hearsay declaration of their counsel in an attempt to establish the prerequisites for Government Code §946.6 relief.  Second, even if the court considered the arguments of counsel, Plaintiffs would not prevail.  In broad brush, counsel articulates two reasons why Plaintiffs should be excused from the claims filing requirements: (1) they are unsophisticated and unaware of the claims filing requirements and (2) they were afraid to consult with an attorney until after Mr. Emmons' case was resolved.  The fact that Plaintiffs were unaware of the claims filing requirement, without more, does not establish mistake, inadvertence, surprise of excusable neglect.  Drummond v. County of Fresno, 193 Cal.App.3d 1406, 1412 (1987) (ignorance of the claim filing requirement is no excuse).  Similarly, the fact that Plaintiffs may have been afraid to consult with an attorney until after the resolution of

1  the criminal matter is not a cognizable excuse.  Plaintiffs must demonstrate that they

2  acted with minimal diligence in pursuing a potential claim.  The attorney's declaration

3  is silent on any efforts taken by Plaintiffs to diligently pursue their claim.  The court

4  also notes that Mr. Emmons' case was dismissed in February 2014 but he waited

5  another three months before commencing this action.  These circumstances fail to

6  establish mistake, inadvertence, surprise or excusable neglect to relieve Plaintiffs from

7  the claims filing requirements.

8       In sum, the court denies the motion for relief from the claims filing requirement

9  of California Government Code §945.4 and denies the pending motion to dismiss as

10  moot (Ct. Dkt. 4).[1]

11       **IT IS SO ORDERED.**

12  DATED:  October 17, 2014

13

14                                                    Hon. Jeffrey T. Miller
                                                      United States District Judge

15  cc:          All parties

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] The court notes that Defendants' motion to dismiss is based upon the same grounds raised by Plaintiffs herein.