GERALD SINGLETON, State Bar No. 208783
BRODY McBRIDE, State Bar No. 270852
SINGLETON LAW FIRM, APC
115 West Plaza Street
Solana Beach, CA 92075
Tel: (760) 697-1330
Fax: (760) 697-1329
Email: gerald@geraldsingleton.com
        brody@geraldsingleton.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY and MAGGIE EMMONS,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF ESCONDIDO, EPD Chief of Police CRAIG CARTER, Former Acting EPD Chief of Police COREY MOLES, EPD Sgt. KEVIN TOTH, EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINWELL, and DOES 1–50, inclusive.<br><br>        Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND VIOLATIONS OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, MARTY EMMONS and MAGGIE EMMONS, by and through their attorneys of record, hereby file the following <u>First Amended</u> Complaint for damages and violations of their state and federal Civil Rights against Defendants CITY OF ESCONDIDO, current Escondido Police Department (hereinafter "EPD") Chief of Police CRAIG CARTER, former Acting EPD Chief of Police

COREY MOLES, EPD Sergeant KEVIN TOTH, EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINWELL, and DOES 1–50, inclusive.

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiffs' federal Constitutional claims brought under Title 42 United States Code ("U.S.C.") section 1983 pursuant to 28 U.S.C. sections 1331, 1343(a)(3) and (4), and 2201. This Court has supplemental jurisdiction to hear and decide claims arising under state law pursuant to 28 U.S.C. section 1367.

2.     Venue in this Court is proper because the acts complained of occurred in the City of Escondido, which is located in the Southern District of California.

### PARTIES

3.     Plaintiff MARTY EMMONS (hereinafter "Mr. EMMONS") is a United States citizen who, at all times relevant to this Complaint, resided in the County of San Diego.

4.     Plaintiff MAGGIE EMMONS (hereinafter "Ms. EMMONS") is a United States citizen who, at all times relevant to this Complaint, resided in the City of Escondido, County of San Diego.

5.     Defendant CITY OF ESCONDIDO (hereinafter "CITY") is a municipal corporation duly organized under the laws of the State of California located in the County of San Diego.  The EPD is the chief law enforcement agency of the CITY.

6.     At some times relevant to this Complaint, Defendant COREY MOLES was the Acting Chief of Police of the EPD and a policy-maker.

7.     At some times relevant to this COMPLAINT, Defendant CRAIG CARTER was the Chief of Police of the EPD and a policy-maker.

8.     At all times relevant to this COMPLAINT, Defendant KEVIN TOTH was a sergeant with the EPD (#0347) and an employee of the CITY.  At all times

mentioned herein, Defendant TOTH acted under color of authority and pursuant to the course and scope of his employment and/or agency with the CITY and with the EPD.

9.    At all times relevant to this COMPLAINT, Defendant ROBERT CRAIG was an EPD police officer (#0392) and an employee of the CITY.  At all times mentioned herein, Defendant CRAIG acted under color of authority and pursuant to the course and scope of his employment and/or agency with the CITY and the EPD.

10.    At all times relevant to this COMPLAINT, Defendant HUY QUACH was an EPD police officer (#0412) and an employee of the CITY.  At all times mentioned herein, Defendant QUACH acted under color of authority and pursuant to the course and scope of his employment and/or agency with the CITY and the EPD.

11.    At all times relevant to this COMPLAINT, Defendant JAKE HOUCHIN was an EPD police officer (#0424) and an employee of the CITY.  At all times mentioned herein, Defendant HOUCHIN acted under color of authority and pursuant to the course and scope of his employment and/or agency with the CITY and the EPD.

12.    At all times relevant to this COMPLAINT, Defendant JOSEPH LEFFINWELL was an EPD police officer (#0378) and an employee of the CITY. At all times mentioned herein, Defendant LEFFINWELL acted under color of authority and pursuant to the course and scope of his employment and/or agency with the CITY and the EPD.

13.    Defendant DOES 1-50 is unknown individuals, corporations, municipalities, and/or other legal entities whose true names, identities and capacities are unknown at this time.

14.    Plaintiffs are informed, believe, and thereon allege, that each of said fictitiously named DOE Defendants are responsible in some manner for the acts,

omissions, and damages alleged herein.  Plaintiffs are unaware of the true names and capacities of the DOE Defendants, and, therefore, sue these Defendants under such fictitious names.  Plaintiffs are furthermore informed, believe, and thereon allege, that each of said fictitiously named Defendants was the agent, servant, and employee, of each and every other Defendant acting within the course and scope of his or her agency and employment, and with the knowledge, ratification, and consent, of each respective principal.  Plaintiffs will seek leave to amend this Complaint when their true names and capacities have been ascertained.

## **GOVERNMENT LIABILITY**

15.    Plaintiffs allege that all Defendants carried out the acts complained of in the course and scope of their employment, and under color of law.  All individual Defendants are sued in their individual capacities except former Acting EPD Chief MOLES, current EPD Chief CARTER, and any and all DOE Defendants who are policy-makers, all of whom are sued in their official capacity.

16.    Regarding all actions and causes of action herein alleged and stated, all governmental defendants (including all DOE defendants) violated rights held by Plaintiffs that were underlined clearly established and which they had a mandatory duty to uphold.  No reasonable official similarly situated to any of the Defendants could have believed that his/her conduct was lawful or within the bounds of reasonable discretion.  All individual Defendants, including all individual DOE Defendants, thus lack immunity from suit or liability.  This extends both to statutorily created immunity and to the judicially created doctrine of "qualified immunity".

17.    The individual Defendants (both named Defendants and DOES) are liable for their conduct to the same extent as a private person under Government Code §820(a).  This includes, but is not limited to, violations of state civil rights laws such as the "Bane Act," California Civil Code §§52.1, *et seq.*, and violations of federal law, including federal constitutional law and federal civil rights statutes.

18.    Defendant CITY is liable in *respondeat superior* for the torts of its

4

employees committed during the course and scope of their employees' employment under Government Code §815.2(a). This includes, but is not limited to, liability for acts and omissions committed by employees of the CITY while said employees were acting within the course and scope of their employment. Accordingly, the CITY is vicariously liable under Government Code §815.2(a) for all violations of state law (including, but not limited to, violations of California Civil Code §52.1, *et seq.*) by the EPD Officer Defendants alleged herein (including DOE Defendant Officers), because all such conduct occurred while the EPD Officer Defendants were acting within the course and scope of their employment with the CITY.

19. Defendant CITY is also liable for the violations of Plaintiffs' federal constitutional rights brought under 42 U.S.C. §1983 based upon Plaintiffs' *Monell* cause of action. The bases for the CITY's liability in this context include, but are not limited to, the EPD's supervisors' and policy-makers' ratification of the illegal and unconstitutional conduct of their subordinate EPD officers, and the fact that the violation of Plaintiffs' rights was the result of an actual or de facto policy that encouraged and/or tolerated the violations of citizens' rights by EPD officers. This liability is direct and is based on the causes of action brought against the policy-making Defendants (to wit, current EPD Chief CRAIG CARTER, former Acting EPD Chief COREY MOLES, and DOE policy-making defendants) in said Defendants' official capacities.

20. All defendants are jointly and severally liable for all damages awarded (except punitive damages). Under California Government Code §825(a), the CITY is obligated to pay any compensatory damages and costs awarded against their employees.

## **GENERAL ALLEGATIONS**

21. At the time of the incident that occurred on or about May 27, 2013, Ms. EMMONS resided at 425 E. Washington Ave. #205, Escondido, CA 92025

1   with her two young children, Brandon (age 6) and Daniel (age 4).

2       22.   At the time of the incident, Ametria Douglas (hereinafter "Ametria")
3   was also residing at the residence.

4       23.   Plaintiffs are informed and believe that on the day of the incident,
5   Trina Douglas (hereinafter "Trina"), Ametria's mother, called 911.   While
6   speaking to her daughter on the phone, Trina believed she heard a fight and called
7   911 in the hopes that someone would check on the well-being of her daughter.

8       24.   At approximately 2:38 p.m. on the day of the incident, Defendant
9   Officers CRAIG and HOUCHIN responded to Ms. EMMONS' residence.  As they
10  approached the residence, they encountered Ametria Douglas, the subject of the
11  911 call, in the pool with Ms. EMMONS' children.  Ametria informed the officers
12  that she was fine and there was no need to go inside Ms. EMMONS' residence.
13  Nevertheless, Defendant Officers CRAIG and HOUCHIN proceeded to the door of
14  Ms. EMMONS' residence.

15      25.   At that time, Ms. EMMONS was at home with her father, Plaintiff
16  Mr. EMMONS. Mr. EMMONS had spent the day visiting his daughter and
17  grandchildren at his daughter's residence.

18      26.   After being denied entry at the front door of the residence, Defendant
19  Officers CRAIG and HOUCHIN contacted Plaintiff Ms. EMMONS at a window
20  on the side of her residence.

21      27.   One of the Defendant Officers had a video recorder that was recording
22  and captured most of the incident.

23      28.   Officer CRAIG insisted that Ms. EMMONS allow him into her
24  residence, stating "[e]ither you come open the door for us or we kick the door
25  down…" In response, Ms. EMMONS repeatedly assured Officer CRAIG and/or
26  other officers at the residence that everybody inside her residence was fine.

27      29.   Officer CRAIG continued to insist that Ms. EMMONS allow him to
28  enter and search the residence, threatening that "…we're not gonna go away…I'm

FIRST AMENDED COMPLAINT FOR DAMAGES AND VIOLATION OF CIVIL RIGHTS

1  gonna keep calling more police officers, more supervisors…[w]e're gonna end up
2  having to force entry."

3      30.   When Officer CRAIG asked about Ms. EMMONS' husband, Ms.
4  EMMONS told the Officers, "[m]y husband is out of town…[h]e's supposed to
5  call me right now…I'm not opening the door for you…I'm never opening up the
6  door."  In spite of her statements, Officer CRAIG continued to demand that Ms.
7  EMMONS allow him into her residence.

8      31.   Officer CRAIG repeatedly asked Ms. EMMONS to bring her husband
9  to the door, stating "I would like to make sure that your husband's not
10 here…[p]lease open the door."

11     32.   Throughout Ms. EMMONS' conversation with Officer CRAIG and
12 the other EPD officers at her residence, Ms. EMMONS clearly told Officer CRAIG
13 and the other EPD officers that she would not allow them to enter her residence
14 without a valid warrant.  In response Officer CRAIG told Ms. EMMONS that,
15 "[c]ase law determine that we do not need a search warrant on this."  This was an
16 incorrect statement of the law, and any reasonable officer in CRAIG's position
17 would have known it.

18     33.   As Officer CRAIG and the other Officers repeatedly demanded that
19 Ms. EMMONS unlock and open the door, Mr. EMMONS was inside the residence
20 with his daughter, comforting her.

21     34.   During Defendant Officer CRAIG's conversation with Ms.
22 EMMONS, Officers CRAIG and HOUCHIN called additional Officers to Ms.
23 EMMONS' residence.  Supervising Officer Sergeant TOTH and EPD Officers
24 LEFFINWELL and QUACH responded to the call for support.

25     35.   Mr. EMMONS eventually unlocked and opened the front door, and
26 exited his daughter's residence through the front door. Officer CRAIG stepped up
27 and demanded that Mr. EMMONS not close the door. As Mr. EMMONS stepped
28 out, Officer CRAIG then attempted to force the door open with his foot. Mr.

7

1    EMMONS brushed past Officer CRAIG and closed the door behind him.

2        36.    Officer CRAIG then grabbed Mr. EMMONS and forced him to the

3    ground.  Mr. EMMONS did not resist in any way.  As soon as CRAIG grabbed

4    him, Mr. EMMONS immediately spun and went to the ground on his knees.

5    Officer CRAIG quickly placed him into a prone position on his side and

6    handcuffed him behind his back.

7        37.    The force used by Officer Craig caused injury to Mr. EMMONS'

8    back. Mr. EMMONS immediately felt pain in his back when Officer CRAIG

9    forced him to the ground. Mr. EMMONS informed the Officer CRAIG that his

10   back was hurting.

11       38.    Although Mr. EMMONS had committed no crime, and had not

12   physically or verbally threatened anyone, Officer CRAIG lifted Mr. EMMONS to

13   his feet and told him to stand against the wall opposite his daughter's residence.

14   Officer CRAIG refused to remove Mr. EMMONS' handcuffs or release him.

15       39.    At the time they did so, Defendants CRAIG and/or other EPD Officer

16   Defendants knew, or in the exercise of reasonable care should have known, that

17   they lacked probable cause and/or reasonable suspicion to arrest and/or detain Mr.

18   EMMONS.  Moreover, a reasonable officer in CRAIG's position would have

19   known that the force he used against Mr. EMMONS was excessive under the

20   circumstances.  While CRAIG was illegally detaining Mr. EMMONS and using

21   excessive force against him, none of the other EPD officers present did anything to

22   prevent CRAIG from violating Mr. EMONNS clearly established constitutional

23   rights.

24       40.    In effectuating their unlawful arrest and/or detention of Mr.

25   EMMONS, Defendants CRAIG and/or other EPD Officer Defendants, used

26   excessive, unlawful, and unreasonable force against Mr. EMMONS, including

27   grabbing Mr. EMMONS by his arms, turning him around, aggressively forcing him

28   to the ground, and handcuffing him in a manner that injured his back.

41.   At no time did Ms. EMMONS or anyone else give any officer permission to enter or search Ms. EMMONS' residence. Nevertheless, after Officer CRAIG had unlawfully detained Mr. EMMONS, Officers HOUCHIN and LEFFINWELL unlawfully searched Ms. EMMONS' residence where they found Ms. EMMONS inside by herself. The officers did <u>not</u> find any evidence that any crime had been committed inside Ms. EMMONS' residence.

42.   At the time they searched the residence, Defendants HOUCHIN, LEFFINWELL, and/or other EPD Officer Defendants (including DOE defendants) knew, or in the exercise of reasonable care should have known, that they lacked probable cause and/or reasonable suspicion to search the residence without permission or a valid warrant.

43.   Officer CRAIG placed Mr. EMMONS under arrest for violation of Penal Code §148(a)(1), resisting or delaying a peace officer, for refusing to open the door and then closing the door behind him against the command of the officer. At the time they did so, Defendant officers CRAIG, and/or other EPD Officer Defendants knew, or in the exercise of reasonable care should have known, that they lacked probable cause and/or reasonable suspicion to arrest and/or detain Mr. EMMONS.

44.   Defendant Officer CRAIG, and/or other EPD Officer Defendants, cited Mr. EMMONS with violating Penal Code §148(a)(1) and released him. At the time they did so, these officers knew, or in the exercise of reasonable care should have known, the charges were false and without merit.

45.   The San Diego District Attorney's Office ultimately dismissed all charges against Mr. EMMONS.

46.   Nevertheless, a result of the unlawful acts and omissions of Defendants CRAIG, and/or other EPD Officer Defendants, Mr. EMMONS was placed in fear that he would be wrongfully convicted of this charge and would face additional consequences, including, but not limited to, significant fines and the loss

9

1  of his liberty.

2  47.   Mr. EMMONS also suffered pain, tenderness, and discomfort in his

3  back, as a result of being aggressively shoved and forced to the ground.

4  48.   At no time could a reasonable officer in the position of the EPD

5  Officer Defendants have believed that Mr. EMMONS posed a threat either to the

6  officers or anyone else, nor could a reasonable officer have believed that

7  reasonable suspicion or probable cause existed to detain and/or arrest Mr.

8  EMMONS. What is more, at no time could a reasonable officer in the position of

9  the EPD Officer Defendants have believed that the amount and degree of force

10  EPD Officer Defendants employed against Mr. EMMONS was reasonably

11  necessary to effectuate a detention or arrest.

12  49.   As a result of the unlawful acts and omissions of Defendants CRAIG,

13  and/or other EPD Officer Defendants, Ms. EMMONS was placed in fear as

14  Defendant Officers HOUCHIN and LEFFINWELL threatened to break down her

15  door and entered her home illegally, without permission, and without a warrant.

16  She also suffered the violation of her civil rights when the officers illegally

17  searched her home without her valid consent.

18  50.   As a proximate cause of the acts and omissions of Defendants, and

19  each of them, as herein alleged, Plaintiffs suffered the injuries and damages set

20  forth herein.

21  **FIRST CAUSE OF ACTION**

22  **42 U.S.C. § 1983 - Unlawful Seizure, Arrest, and Detention**

23  **(Against Defendants TOTH, CRAIG, QUACH,**

24  **HOUCHIN LEFFINWELL, and DOES 1-50)**

25  51.   Plaintiffs hereby incorporate the preceding paragraphs by reference as

26  though each were set forth herein in full.

27  52.   The Fourth Amendment to the United States Constitution states:

28  The right of the people to be secure in their persons, houses, papers,

10

and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

53.  On May 27, 2013, EPD Officer Defendants TOTH, CRAIG, QUACH, HOUCHIN, LEFFINWELL, and DOES 1-50, illegally seized and detained Plaintiff Mr. EMMONS without probable cause, reasonable suspicion, and/or a warrant.  In so doing, the EPD Officer Defendants deprived Mr. EMMONS of his constitutional rights under the Fourth Amendment to the United States Constitution.

54.  Those EPD Officer Defendants named in this cause of action who did not physically touch Mr. EMMONS nevertheless conspired with, verbally encouraged, and/or aided and abetted the EPD Officer Defendants who did physically touch Mr. EMMONS despite knowing that the detention, and imprisonment of MARTY by the EPD Defendants was unlawful.

55.  Additionally, all EPD Officer Defendants who witnessed the violations of Mr. EMMONS' rights perpetrated by other EPD officers and were in a position to stop the violation of Mr. EMMONS' rights but failed to do so are also liable for the violation of his Fourth Amendment rights.

56.  In committing the acts and omissions alleged herein, the EPD Officer Defendants acted in the course and scope of their employment, and thereby acted under color of law.  At no time did Mr. EMMONS give valid consent to Defendants' unlawful actions, and the rights Defendants were violating were clearly established.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Excessive Force

### (Against Defendants TOTH, CRAIG, QUACH,
### HOUCHIN, LEFFINWELL, and DOES 1-50)

57.  Plaintiffs hereby incorporate the preceding paragraphs by reference as

1  though each were set forth herein in full.

2      58.    In effectuating their unlawful detention and arrest of Plaintiff Mr.

3  EMMONS on May 27, 2013, EPD Officer Defendants TOTH, CRAIG, QUACH,

4  HOUCHIN, LEFFINWELL, and DOES 1-50, used unreasonable and excessive

5  force upon Mr. EMMONS when they grabbed him by his arms, turned him around,

6  aggressively forced him to the ground, and handcuffed him.

7      59.    Even if the arrest of Mr. EMMONS had been legal, which it was not,

8  the means used by EPD Officer Defendants to effectuate the arrest constituted

9  excessive force and unreasonable force, thereby violating Mr. EMMONS' clearly

10  established rights under the Fourth and Fourteenth Amendments of United States

11  Constitution.

12      60.    At no time did Mr. EMMONS give valid consent to any of EPD

13  Officer Defendants' unlawful actions described herein.  Mr. EMMONS further

14  alleges that all defendants acted in the course and scope of their employment with

15  the EPD, thereby acting under color of law.

16      61.    As a result of the excessive force used by the EPD Officer

17  Defendants, Mr. EMMONS suffered pain, tenderness, and discomfort.

18      62.    At no time could a reasonable officer in the position of EPD Officer

19  Defendants have believed that Mr. EMMONS posed a threat either to the officers

20  or anyone else, nor could a reasonable officer have believed that the amount and

21  degree of force EPD Officer Defendants employed was reasonably necessary to

22  effectuate a detention.

23      63.    As such, the degree of force EPD Officer Defendants used against Mr.

24  EMMONS was without probable cause, reasonable grounds, or other justification,

25  thereby violating Mr. EMMONS' dignity and bodily integrity, invading his

26  privacy, and proximately and foreseeably causing him damage, injury, and loss.

27      64.    Moreover, since no force of any kind was justified, EPD Officer

28  Defendants' use of any force against Mr. EMMONS was a *per se* violation of his

1  constitutional rights.

2      65.    Those EPD Officer Defendants named in this cause of action who did

3  not physically touch Mr. EMMONS nevertheless conspired with, verbally

4  encouraged, and/or aided and abetted the EPD Officer Defendants who did

5  physically touch Mr. EMMONS despite knowing that this touching was unlawful.

6      66.    Additionally, all EPD Officer Defendants who witnessed the

7  violations of Mr. EMMONS' rights perpetrated by other EPD officers and were in

8  a position to stop the violation of his rights but failed to do so are also liable for the

9  violation of his Fourth Amendment rights.

10      **THIRD CAUSE OF ACTION**

11      **42 U.S.C.  § 1983 – Unreasonable Search – Without a Warrant**

12      **(Against Defendants TOTH, CRAIG, QUACH,**

13      **HOUCHIN LEFFINWELL, and DOES 1-25)**

14      67.    Plaintiffs hereby incorporate the preceding paragraphs by reference as

15  though each were set forth herein in full.

16      68.    On May 27, 2013, EPD Officer Defendants TOTH, CRAIG, QUACH,

17  HOUCHIN, LEFFINWELL, and DOES 1-25 illegally searched the residence of

18  Plaintiff Ms. EMMONS without probable cause, a warrant (or a valid exception to

19  the warrant requirement) and without the consent of Ms. EMMONS.  In so doing,

20  the EPD Officer Defendants deprived Ms. EMMONS of her constitutional rights

21  under the Fourth Amendment to the United States Constitution.

22      69.    Those EPD Officer Defendants named in this cause of action who did

23  not physically enter or search Ms. EMMONS residence nevertheless conspired

24  with, verbally encouraged, and/or aided and abetted the EPD Officer Defendants

25  who did enter and search Ms. EMMONS' residence despite knowing that the

26  search of the residence by the EPD Defendants was unlawful.

27      70.    Additionally, all EPD Officer Defendants who witnessed the

28  violations of Ms. EMMONS' rights perpetrated by other EPD officers and were in

1  a position to stop the violation of her rights but failed to do so are also liable for the

2  violation of her Fourth Amendment rights.

3      71.  In committing the acts and omissions alleged herein, the EPD Officer

4  Defendants acted in the course and scope of their employment, and thereby acted

5  under color of law.  At no time did Ms. EMMONS give valid consent to

6  Defendants' unlawful actions, and the rights Defendants were violating were

7  clearly established.

8      72.  In committing the acts and omissions alleged herein, the EPD Officer

9  Defendants acted with malice, oppression and fraud.  Accordingly, Ms. EMMONS

10  is entitled to obtain punitive damages from EPD Officer Defendants in an amount

11  sufficient to punish and deter such conduct, according to proof at the time of trial.

12  **FOURTH CAUSE OF ACTION**

13  *Monell* **Claim – 42 U.S.C. § 1983**

14  **(Against Defendant CITY, former Acting EPD Chief of Police MOLES,**

15  **current EPD Chief of Police CARTER, and DOE EPD Policy Making**

16  **Defendants)**

17      73.  Plaintiffs hereby incorporate the preceding paragraphs by reference as

18  though each were set forth herein in full.

19      74.  As set forth herein above, the EPD Officer Defendants violated a

20  number of Plaintiffs' constitutional rights.  These included violations of the Fourth

21  and Fourteenth Amendments to the Constitution of the United States.  These

22  actions by EPD Officer Defendants were part of a wider pattern and practice that

23  was approved and encouraged by the EPD.

24      75.  The physical abuse and meritless arrest of citizens, such as Plaintiff

25  Mr. EMMONS, and the unlawful search of Plaintiff Ms. EMMONS' residence

26  without a warrant or consent were consistent with the customs and practice

27  endorsed, promulgated, and/or tolerated by former Acting EPD Chief of Police

28  MOLES, current EPD Chief of Police CARTER, Sergeant TOTH, and all

supervisory DOE Defendants with final policy-making authority.

76.    This custom and practice, and the ratification by the supervisory Defendants with final policy-making authority named herein of the illegal actions performed by rank-and-file EPD Officers pursuant to this policy, was the moving force behind the EPD Officer Defendants' violation of Plaintiffs' rights that occurred on May 27, 2013.

77.    Accordingly, the CITY is liable for the deprivation of Plaintiffs' constitutional rights by the EPD Officer Defendants under *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658, and its progeny, which hold that a municipal entity may be held liable for violations of Constitutional rights committed by its law enforcement officers if the violation was based on either:

    (a)    a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law; <u>or</u>

    (b)    the fact that the illegal and unconstitutional conduct was ratified by an individual with final policy-making authority.

78.    Here both bases for municipal liability are present.

79.    Plaintiffs are informed and believe, and thereon allege, that the EPD had a departmental policy, custom, or practice (which was promulgated, encouraged, and/or tolerated by the Defendants named herein, to wit, EPD supervisors and those with policy-making authority) of harassing and physically abusing citizens, and arresting them without probable cause in violation of these individual's civil rights.

80.    The decision to illegally detain and arrest Mr. EMMONS on May 27, 2013, and the decision to illegally search the residence of Ms. EMMONS were part and parcel of the illegal behavior encouraged and/or permitted by Defendants

15

1   former Acting EPD Chief of Police MOLES, current EPD Chief of Police

2   CARTER, and supervisory DOE Defendants with final policy-making authority.

3       81.    When confronted with the illegal detention and arrest of, and

4   excessive force used against Mr. EMMONS and the illegal search of the residence

5   of Ms. EMMONS without a warrant or consent, Defendants former Acting EPD

6   Chief of Police MOLES, current EPD Chief of Police CARTER, and supervisory

7   DOE EPD Defendants with final policymaking authority, not only failed to take

8   corrective action, but also <u>ratified</u> the illegal conduct of the EPD Officer

9   Defendants and other DOE Defendants.

10       82.    Overall, the pattern and practice of the EPD and of the individuals

11   with final policymaking authority within it (including, but not limited to, former

12   Acting EPD Chief of Police MOLES, current EPD Chief of Police CARTER,

13   Sergeant TOTH, and all supervisory DOE Defendants with final policy-making

14   authority) was such that there was a permanent and settled culture, policy, and/or

15   practice, which encouraged the false arrest and imprisonment of, and the use of

16   excessive force against, and illegal search in violation of the rights citizens like

17   Plaintiffs.  This pattern and practice was a substantial factor in causing the injuries

18   and damages suffered by Plaintiffs in the incident alleged herein.

19   **FIFTH CAUSE OF ACTION**

20   **Failure to Properly Train – Violation of 42 U.S.C. § 1983**

21   **(Against Defendant CITY, former Acting EPD Chief of Police MOLES,**

22   **current EPD Chief of Police CARTER, EPD Sergeant TOTH and DOE EPD**

23   **Supervisory and/or Policy Making Defendants)**

24       83.    Plaintiffs re-allege all prior paragraphs of this Complaint and

25   incorporate said paragraphs herein by reference.

26       84.    Defendants, MOLES, CARTER, TOTH, and all supervisory and/or

27   policy-making EPD DOE Defendants, as a matter of custom, practice, and policy,

28   failed to maintain adequate and proper training as to the Constitutional rights of

citizens and arrestees, to prevent the consistent and systematic arrests without probable cause, the use of excessive force, the falsifying of reports, and extra-judicial punishment by EPD officers.

85.   Defendants MOLES, CARTER, Sergeant TOTH, and all applicable DOE EPD Defendants, failed to provide adequate training to their officers:

(a)   on the requirement that citizens only be arrested based on probable cause or a valid warrant;

(b)   on the requirement that Officer must have a warrant to search a residence without permission;

(c)   on the appropriate, reasonable, and/or legally permissible amount of force that may be used when effectuating an arrest;

(d)   on the subject of police reports:  to wit, they failed to properly train their offices in the EPD that officers must file truthful and complete reports that do not contain false statements and/or omissions of material facts.

86.   At the time Defendants former Acting EPD Chief of Police MOLES, current EPD Chief of Police CARTER, Sergeant TOTH, and all applicable EPD DOE Defendants, failed to properly train their subordinate officers, they knew, or in the exercise or care should have known, that their failure to properly train their officers was likely to result in citizens of San Diego suffering the exact type of violations of their Constitutional rights which Plaintiffs suffered in this case.

87.   Therefore, Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, acted with deliberate indifference, disregarded a duty to protect the public from official misconduct.

88.   The failure by Defendants MOLES, CARTER, TOTH, and all applicable DOE Defendants, to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of Plaintiffs and others in their position.  The constitutionally infirm lack of adequate training as to EPD

17

Officer Defendants, all law enforcement officers, caused Plaintiffs to suffer the damages alleged herein.

89.   As a result of actions by Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, Plaintiffs suffered the physical, economic and psychological injuries alleged herein.  As a direct consequence of the failure of Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, to properly train their officers, Mr. EMMONS was falsely arrested, EPD Officer Defendants used excessive force against Mr. EMMONS, the residence of Ms. EMMONS was illegally searched, and the EPD Officer Defendants named herein filed false and misleading police reports with respect to Plaintiffs.  These acts and omissions by Defendants, and each of them, were a proximate cause of the injuries and damages to Plaintiffs as herein alleged.

## SIXTH CAUSE OF ACTION

**Failure to Supervise and Discipline – Violation of 42 U.S.C. § 1983**

**(Against Defendant CITY, former Acting EPD Chief of Police MOLES,**

**current EPD Chief of Police CARTER, and DOE EPD Defendants)**

90.   Plaintiffs re-allege all prior paragraphs of this Complaint and incorporate said paragraphs herein by reference.

91.    Defendants, former Acting EPD Chief of Police MOLES, current EPD Chief of Police CARTER, Sergeant TOTH, and all applicable EPD DOE Defendants, as a matter of custom, practice and policy, failed to supervise their officers to prevent, deter, and punish the unconstitutional and excessive use of force against Mr. EMMONS, and the unlawful search of Ms. EMMONS' residence.

92.   No supervising and/or policy-making officer from the EPD took appropriate steps to supervise and control the EPD Officer Defendants during their arrest of Mr. EMMONS and/or when they filed their subsequent false police reports.

93.     Defendants MOLES, CARTER, Sergeant TOTH, and all applicable EPD DOE Defendants, knew or should have known of the Constitutional violations committed by EPD Officer Defendants against Plaintiffs, but failed to correct their officers' abuse of authority, or discourage their unlawful use of authority.

94.     Upon information and belief, Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, witnessed or learned of the violations committed against Plaintiffs, but failed to supervise or discipline the EPD Officer Defendants named herein for their misconduct with respect to Plaintiffs.

95.     To the contrary, Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, condoned and/or acquiesced in the abusive, illegal, and unconstitutional behavior of the EPD Officer Defendants named herein toward Plaintiffs by refusing to discipline the EPD Officer Defendants, re-train them, or otherwise correct their abusive behavior.

96.     Upon information and belief, the EPD Officer Defendants named herein, including EPD DOE Defendants, were never disciplined for their unconstitutional treatment of Plaintiffs on May 27, 2013.

97.     Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, were aware that their officers arrested Plaintiffs without probable cause and that the charges against Plaintiffs were dropped.

98.     Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, were, or should have been, aware that the EPD policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

99.     Defendants MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, ratified the actions of EPD Officer Defendants by failing to discipline them and failing to advise the prosecuting attorney that the facts alleged in the

1  officers' reports were false.

2     100.   The constitutionally deficient investigation and lack of discipline was

3  done with deliberate indifference to the rights of Plaintiffs.

4     101.   The lack of adequate supervision and discipline by Defendants,

5  MOLES, CARTER, TOTH, and all applicable EPD DOE Defendants, caused

6  Plaintiffs' damages.   As a result of actions by Defendants, and each of them,

7  Plaintiffs suffered the injuries and damages alleged herein.

8                              **<u>SEVENTH CAUSE OF ACTION</u>**

9        **Violations of the *Bane Act*, California Civil Code §§ 52.1 and 52.3**

10                               **(Against <u>All</u> Defendants)**

11    102.   Plaintiffs hereby incorporate the preceding paragraphs by reference as

12  though each were set forth herein in full.

13    103.   Defendants, and each of them, are liable to Plaintiffs for violating

14  their California civil rights enshrined in the Bane Act, in that said Defendants

15  interfered by threats, intimidation, and coercion with Plaintiffs' rights to due

16  process and to be free from false arrest and detention, unreasonable search,

17  physical abuse, and false imprisonment, as guaranteed by the United States

18  Constitution, the California Constitution, California Civil Code section 1708, and

19  California common law, thereby proximately and foreseeably causing Plaintiffs'

20  damage, injury, and loss.

21    104.   Specific violations of the Bane Act perpetrated by Defendants against

22  Plaintiffs, include, but are not limited to, the following:

23    (a)   EPD Officer Defendants TOTH, CRAIG, QUACH, HOUCHIN,
24          LEFFINWELL, and DOES 1-25, illegally seizing and detaining,
25          Mr. EMMONS without probable cause, reasonable suspicion,
              and/or a warrant;
26
27    (b)   EPD Officer Defendants TOTH, CRAIG, QUACH, HOUCHIN,
28          LEFFINWELL, and DOES 1-25, using unreasonable and
              excessive force upon Mr. EMMONS;

20

(c)  EPD Officer Defendants TOTH, CRAIG, QUACH, HOUCHIN, LEFFINWELL and DOES 1-25, falsely arresting and imprisoning Mr. EMMONS through the use of force and/or threat of force; and

(d)  EPD Officer Defendants TOTH, CRAIG, QUACH, HOUCHIN, LEFFINWELL, and DOES 1-25, illegally searched the residence of, Ms. EMMONS without permission, probable cause, reasonable suspicion, and/or a warrant;

105.   California Civil Code §52.1(a) provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of "any individual or individuals," the Attorney General, or any district or city attorney, may bring a civil action for equitable or injunctive relief.  California Civil Code §52.1(b) allows "[a]ny individual" so interfered with to sue for damages.   California Civil Code §52.1(g) states that an action brought under section 52.1 is "independent of any other action, remedy, or procedure that may be available to an aggrieved individual under any other provision of law," including California Civil Code §51.7.

106.   Pursuant to California Civil Code §§52(a) and (b), Plaintiffs are entitled to up to three times their actual damages, and to exemplary damages; to a civil penalty of $25,000 for each violation of their rights; and to attorney's fees in an amount to be determined by the Court.

107.   At the time EPD Officer Defendants named herein performed the acts and omissions alleged herein, they were acting within the course and scope of their employment with Defendant CITY.  Accordingly, the CITY is liable for the EPD Officer Defendants' conduct under Cal. Government Code §§815.2(a) and 820.

108.   The remaining Defendants, MOLES, CARTER, and all supervisory and policy-making DOE Defendants, are liable because they aided and abetted and/or ratified the conduct of EPD Officer Defendants that violated Plaintiffs' rights under California Civil Code §52.1, *et seq.*

109.   The acts and omissions of Defendants, and each of them, were a proximate and substantial cause of the injuries and damages alleged herein by Plaintiffs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1)   For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, against <u>all</u> Defendants, in an amount to be determined by the trier of fact.

(2)   For past and future medical expenses, in an amount to be determined by the trier of fact;

(3)   For three times the actual damages awarded, and for a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code §§52.1 and 52(a) and (b);

(4)   For reasonable attorney's fees and costs and expenses of litigation, pursuant to California Code of Civil Procedure §1021.5, California Civil Code §52(b)(3), California Civil Code §§51 and 52, 42 United States Code §§1983-1988, and any and all other relevant statutory or case law.

(5)   For any and all other relief, including interest and/or injunctive relief, to which Plaintiffs may be entitled under law or equity and which this Court may determine is appropriate under the facts of this case.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby respectfully request a jury trial on each and every cause of action set forth in their Complaint.

Respectfully Submitted,

SINGLETON LAW FIRM, APC


Dated:   October 29, 2014          By:     */s/  Gerald Singleton*
                                              GERALD SINGLETON

BRODY A. McBRIDE
Attorneys for Plaintiffs MARTY EMMONS
and MAGGIE EMMONS