JEFFREY R. EPP, City Attorney/SBN 123565
MICHAEL R. MCGUINNESS, Asst. City Attorney/SBN 132646
ANDREA M. VELASQUEZ, Deputy City Attorney/SBN 249210
OFFICE OF THE CITY ATTORNEY
201 N. Broadway
Escondido, California 92025
(760) 839-4608 Tel.
mmcguinness@ci.escondido.ca.us
avelasquez@ci.escondido.ca.us

Attorneys for Defendants City of Escondido,
Craig Carter, Kevin Toth, Robert Craig,
Huy Quach, Jake Houchin and Joseph Leffingwell

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY and MAGGIE EMMONS,<br><br>                                   Plaintiff,<br><br>v.<br><br>CITY OF ESCONDIDO; EPD Chief of Police CRAIG CARTER; Former Acting EPD Chief of Police COREY MOLES; EPD Sgt. KEVIN TOTH; EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINGWELL; and DOES 1-50 inclusive<br><br>                                   Defendants. | CASE NO.: '14-CV-1662-JM (DHB)<br><br>DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES AND VIOLATIONS OF CIVIL RIGHTS<br><br>[DEMAND FOR JURY TRIAL] |

Defendants CITY OF ESCONDIDO ("City"), a municipal corporation, Chief of Police CRAIG CARTER, in his official capacity as the Chief of Police for the City, Sergeant KEVIN TOTH, an individual and in his official capacity as a police officer for the City, Officer ROBERT CRAIG, an individual and in his official capacity as a police officer for the City, Officer HUY QUACH, an individual and in his official capacity as a police officer for the City, Officer JAKE HOUCHIN, an individual and in his official capacity as a police officer for the City, and Officer JOSEPH LEFFINGWELL, an individual and in his official capacity as a police officer for the City (collectively referred to herein as "Defendants"), answer the

First Amended Complaint for 42 U.S.C. § 1983 Unlawful Seizure, Arrest, and Detention; 42 U.S.C. § 1983 Excessive Force; 42 U.S.C. § 1983 Unreasonable Search—Without a Warrant; 42 U.S.C. § 1983 *Monell* Claim; 42 U.S.C. § 1983 Failure to Properly Train; 42 U.S.C. § 1983 Failure to Supervise and Discipline ("Complaint") in the above-entitled action, admit, deny, and allege as follows:

1.      Answering paragraph 1 of the Complaint, Defendants, without admitting that the allegations in the Complaint are true, and given their Affirmative Defenses to the allegations of the Complaint, admit that jurisdiction is conferred upon this Court pursuant to Title 28 of the United States Code § 1331.  As to the remaining allegations contained within paragraph 1, Defendants deny each and every remaining allegation therein.

2.      Answering paragraph 2 of the Complaint, Defendants, without admitting that the allegations in the Complaint are true, and given their Affirmative Defenses to the allegations of the Complaint, admit that venue is proper.  As to the remaining allegations contained within paragraph 2, Defendants deny each and every remaining allegation therein.

3.      Answering paragraph 3 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

4.      Answering paragraph 4 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

5.      Answering paragraph 5 of the Complaint, Defendants admit that the City of Escondido is a municipal corporation under the laws of the State of California and the Escondido Police Department is a department of the City of Escondido.  As to the remaining allegations contained within paragraph 5, Defendants deny each and every remaining allegation therein.

/ / /

6.      Answering paragraph 6 of the Complaint, Defendants admit that on the date of the subject incident Defendant COREY MOLES was the Acting Chief of Police of the Escondido Police Department.  As to the remaining allegations contained within paragraph 6, Defendants deny each and every remaining allegation contained therein.

7.      Answering paragraph 7 of the Complaint, Defendants deny each and every allegation contained therein.

8.      Answering paragraph 8 of the Complaint, Defendants admit the allegations contained therein.

9.      Answering paragraph 9 of the Complaint, Defendants admit the allegations contained therein.

10.     Answering paragraph 10 of the Complaint, Defendants admit the allegations contained therein.

11.     Answering paragraph 11 of the Complaint, Defendants admit the allegations contained therein.

12.     Answering paragraph 12 of the Complaint, Defendants admit the allegations contained therein.

13.     Answering paragraph 13 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

14.     Answering paragraph 14 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

15.     Answering paragraph 15 of the Complaint, Defendants admit that all Defendants acted in the course and scope of their employment and under color of law at all relevant times.  As to the remaining allegations contained within paragraph 15, Defendants deny each and every remaining allegation therein.

/ / /

16.     Answering paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

17.     Answering paragraph 17 of the Complaint, Defendants deny each and every allegation contained therein.

18.     Answering paragraph 18 of the Complaint, Defendants deny each and every allegation contained therein.

19.     Answering paragraph 19 of the Complaint, Defendants deny each and every allegation contained therein.

20.     Answering paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21.     Answering paragraph 21 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

22.     Answering paragraph 22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

23.     Answering paragraph 23 of the Complaint, Defendants admit the allegations contained therein.

24.     Answering paragraph 24 of the Complaint, Defendants admit that on May 28, 2013, Officers CRAIG and HOUCHIN arrived at 425 E. Washington Avenue, apartment 205, at about 2:52 p.m.  Defendants admit that a female in the swimming pool shouted that everything was okay and there was no need to go inside. Defendants admit that the female was later identified as Ametria Douglas. Defendants admit that two children in the swimming pool shouted to not take their mother to jail.  Defendants admit that the two children were later identified as Ms. Emmons' children.  As to the remaining allegations contained within paragraph 24, Defendants deny each and every remaining allegation therein.

/ / /

'14-CV-1662-JM (DHB)

25.     Answering paragraph 25 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

26.     Answering paragraph 26 of the Complaint, Defendants admit the allegations contained therein.

27.     Answering paragraph 27 of the Complaint, Defendants admit the allegations contained therein.

28.     Answering paragraph 28 of the Complaint, Defendants admit that Officer CRAIG had a conversation with Ms. Emmons about entering the apartment and Ms. Emmons refused to allow entry.  Defendants admit that during the conversation, either Officer CRAIG or Officer HOUCHIN said, "Either you come open the door for us, or we kick the door down to make sure everyone is okay in there."  As to the remaining allegations contained within paragraph 28, Defendants deny each and every remaining allegation therein.

29.     Answering paragraph 29 of the Complaint, Defendants admit that Officer CRAIG had a conversation with Ms. Emmons about entering the apartment and Ms. Emmons refused to allow entry.  Defendants admit that during the conversation, Officer CRAIG said, "We're not going to go away.  I am going to keep calling more police officers, more supervisors, we are going to end up having to force entry."  As to the remaining allegations contained within paragraph 29, Defendants deny each and every remaining allegation therein.

30.     Answering paragraph 30 of the Complaint, Defendants admit that Officer CRAIG had a conversation with Ms. Emmons about entering the apartment and Ms. Emmons refused to allow entry.  As to the remaining allegations contained within paragraph 30, Defendants deny each and every remaining allegation therein.

31.     Answering paragraph 31 of the Complaint, Defendants admit that Officer CRAIG had a conversation with Ms. Emmons about entering the apartment

/ / /

and Ms. Emmons refused to allow entry.  As to the remaining allegations contained within paragraph 31, Defendants deny each and every remaining allegation therein.

32.     Answering paragraph 32 of the Complaint, Defendants admit that Officer Craig had a conversation with Ms. Emmons about entering the apartment and Ms. Emmons refused to allow entry.  Defendants admit that Officer CRAIG told Ms. Emmons, "We have exigent circumstances . . . .  Case law has determined that we do not need a search warrant on this."  As to the remaining allegations contained within paragraph 32, Defendants deny each and every remaining allegation therein.

33.     Answering paragraph 33 of the Complaint, Defendants admit that Mr. Emmons was inside the apartment.  As to the remaining allegations contained within paragraph 33, Defendants deny each and every remaining allegation therein.

34.     Answering paragraph 34 of the Complaint, Defendants admit the allegations contained therein.

35.     Answering paragraph 35 of the Complaint, Defendants admit the allegations contained therein.

36.     Answering paragraph 36 of the Complaint, Defendants admit that Officer CRAIG grabbed Mr. Emmons' right arm and gave him commands to get onto the ground.  Defendants admit that Officer CRAIG placed Mr. Emmons into a prone position and handcuffed him behind his back.  As to the remaining allegations contained within paragraph 36, Defendants deny each and every remaining allegation therein.

37.     Answering paragraph 37 of the Complaint, Defendants admit that Mr. Emmons told Officer CRAIG that he had pulled a muscle in his back the Friday before.  As to the remaining allegations contained within paragraph 37, Defendants deny each and every remaining allegation therein.

38.     Answering paragraph 38 of the Complaint, Defendants admit that Officer Craig helped Mr. Emmons to his feet and had him stand against the opposite

/ / /

1  wall from the apartment.  As to the remaining allegations contained within paragraph
2  38, Defendants deny each and every remaining allegation therein.

3      39.    Answering paragraph 39 of the Complaint, Defendants deny each and
4  every allegation contained therein.

5      40.    Answering paragraph 40 of the Complaint, Defendants deny each and
6  every allegation contained therein.

7      41.    Answering paragraph 41 of the Complaint, Defendants admit that there
8  was no evidence that a crime had occurred inside the apartment.  As to the remaining
9  allegations contained within paragraph 41, Defendants deny each and every
10  remaining allegation therein.

11      42.    Answering paragraph 42 of the Complaint, Defendants deny each and
12  every allegation contained therein.

13      43.    Answering paragraph 43 of the Complaint, Defendants admit that
14  Officer CRAIG placed Mr. Emmons under arrest for violation of Penal Code
15  § 148(a)(1).  Defendants admit that Mr. Emmons was released with a citation at the
16  scene.  As to the remaining allegations contained within paragraph 43, Defendants
17  deny each and every remaining allegation therein.

18      44.    Answering paragraph 44 of the Complaint, Defendants admit that
19  Mr. Emmons was arrested and cited for violation of Penal Code § 148(a)(1).  As to
20  the remaining allegations contained within paragraph 44, Defendants deny each and
21  every remaining allegation therein.

22      45.    Answering paragraph 45 of the Complaint, Defendants are without
23  sufficient knowledge or information to form a belief as to the truth of those
24  allegations and on that basis deny each and every allegation contained therein.

25      46.    Answering paragraph 46 of the Complaint, Defendants are without
26  sufficient knowledge or information to form a belief as to the truth of those
27  allegations and on that basis deny each and every allegation contained therein.
28  / / /

47.     Answering paragraph 47 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

48.     Answering paragraph 48 of the Complaint, Defendants deny each and every allegation contained therein.

49.     Answering paragraph 49 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations regarding Ms. Emmons' damages and on that basis deny each and every allegation contained therein.  As to the remaining allegations contained within paragraph 49, Defendants deny each and every remaining allegation therein.

50.     Answering paragraph 50 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

51.     Answering paragraph 51 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.     Answering paragraph 52 of the Complaint, Defendants admit the allegations contained therein.

53.     Answering paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54.     Answering paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55.     Answering paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

56.     Answering paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

/ / /

57.     Answering paragraph 57 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58.     Answering paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

59.     Answering paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60.     Answering paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.     Answering paragraph 61 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis deny each and every allegation contained therein.

62.     Answering paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63.     Answering paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

64.     Answering paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65.     Answering paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

66.     Answering paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.     Answering paragraph 67 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.     Answering paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

69.     Answering paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70.     Answering paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71.     Answering paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72.     Answering paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

73.     Answering paragraph 73 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 72 of the Complaint as though fully set forth herein.

74.     Answering paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

75.     Answering paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76.     Answering paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77.     Answering paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

78.     Answering paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79.     Answering paragraph 79 of the Complaint, Defendants deny each and every allegation contained therein.

80.     Answering paragraph 80 of the Complaint, Defendants deny each and every allegation contained therein.

81.     Answering paragraph 81 of the Complaint, Defendants deny each and every allegation contained therein.

/ / /

82.     Answering paragraph 82 of the Complaint, Defendants deny each and every allegation contained therein.

83.     Answering paragraph 83 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 82 of the Complaint as though fully set forth herein.

84.     Answering paragraph 84 of the Complaint, Defendants deny each and every allegation contained therein.

85.     Answering paragraph 85 of the Complaint, Defendants deny each and every allegation contained therein.

86.     Answering paragraph 86 of the Complaint, Defendants deny each and every allegation contained therein.

87.     Answering paragraph 87 of the Complaint, Defendants deny each and every allegation contained therein.

88.     Answering paragraph 88 of the Complaint, Defendants deny each and every allegation contained therein.

89.     Answering paragraph 89 of the Complaint, Defendants deny each and every allegation contained therein.

90.     Answering paragraph 90 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 89 of the Complaint as though fully set forth herein.

91.     Answering paragraph 91 of the Complaint, Defendants deny each and every allegation contained therein.

92.     Answering paragraph 92 of the Complaint, Defendants deny each and every allegation contained therein.

93.     Answering paragraph 93 of the Complaint, Defendants deny each and every allegation contained therein.

94.     Answering paragraph 94 of the Complaint, Defendants deny each and every allegation contained therein.

95.    Answering paragraph 95 of the Complaint, Defendants deny each and every allegation contained therein.

96.    Answering paragraph 96 of the Complaint, Defendants deny each and every allegation contained therein.

97.    Answering paragraph 97 of the Complaint, Defendants deny each and every allegation contained therein.

98.    Answering paragraph 98 of the Complaint, Defendants deny each and every allegation contained therein.

99.    Answering paragraph 99 of the Complaint, Defendants deny each and every allegation contained therein.

100.   Answering paragraph 100 of the Complaint, Defendants deny each and every allegation contained therein.

101.   Answering paragraph 101 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of those allegations regarding Plaintiffs' damages and on that basis deny each and every allegation contained therein.  As to the remaining allegations contained within paragraph 101, Defendants deny each and every remaining allegation therein.

102.   Answering paragraph 102 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

103.   Answering paragraph 103 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

104.   Answering paragraph 104 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

105.   Answering paragraph 105 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

106.   Answering paragraph 106 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

/ / /

107.   Answering paragraph 107 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

108.   Answering paragraph 108 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

109.   Answering paragraph 109 of the Complaint, Plaintiffs' Seventh Cause of Action was dismissed by the Court and therefore requires no response.

FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' Complaint fails to state facts sufficient to set forth a claim for punitive damages as to Defendants Sergeant KEVIN TOTH, Officer ROBERT CRAIG, Officer HUY QUACH, Officer JAKE HOUCHIN, and Officer JOSEPH LEFFINGWELL.

THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs have failed to bring this action in a timely manner and have otherwise failed to maintain this action within the applicable statute of limitations periods.

FOURTH AFFIRMATIVE DEFENSE

Defendants allege that the acts complained of occurred within the scope of Defendants' official duties and Defendants had no knowledge that the alleged wrongful acts, if any, were illegal and/or unconstitutional nor were said alleged wrongful acts, if any, violative of Plaintiffs' clearly established rights at the time they were committed.

FIFTH AFFIRMATIVE DEFENSE

Defendants allege that, at all times relevant hereto, Defendants acted in good faith, without malice, and upon a reasonable belief that their actions were justified and reasonable.

SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs have failed to comply with California's government claims statutes including, but not limited to, Government Code §§ 810 through 996.6, inclusive, and are, therefore, precluded from recovery on any state law causes of action.

SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Defendants are immune from liability for any actual or proposed state law causes of action under the provisions of California Penal Code §§ 835, 835(a), 836, and 836.5; California Government Code §§ 815, 815.2, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.8 and 846; and California Welfare & Institutions Code § 5150.

EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that any force or seizure complained of in Plaintiffs' Complaint was based on probable cause derived from Defendants' knowledge and observations prior to and at the time of the action taken.

NINTH AFFIRMATIVE DEFENSE

Defendants allege that any and all force and/or physical contact complained of in Plaintiffs' Complaint was exercised reasonably to effect a lawful arrest and/or reasonably in defense of self and/or others.

TENTH AFFIRMATIVE DEFENSE

Defendants allege that the injuries suffered by Plaintiffs, if any, were the actual and proximate result of Plaintiffs' own negligence or wrongful conduct, and that Defendants' liability, if any, is limited in direct proportion to the percentage of fault attributable to Plaintiffs.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that the injuries suffered by Plaintiffs, if any, were the actual and proximate result of the negligence or other wrongful conduct of parties, persons, corporations or entities other than Defendants, and that Defendants' liability, if any,

is limited in direct proportion to the percentage of fault actually attributable to Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs have failed to exercise reasonable care and diligence to avoid loss or to minimize damages and, therefore, they may not recover for losses which could have been prevented by reasonable efforts on their part, or by expenditures that might reasonably have been made.  Consequently, Plaintiffs' recovery, if any, should be reduced by the failure of Plaintiffs to mitigate, alter, reduce, or otherwise diminish their damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs assumed the risk of and/or consented to the conduct of the Defendants, and each of them.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiffs' injuries and damages as Defendants' conduct did not shock the conscience in violation of Plaintiffs' due process or constitutional rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiffs' injuries and damages as Defendants' conduct was not done in deliberate indifference or with a purpose to harm unrelated to legitimate law enforcement objectives in violation of Plaintiffs' due process or constitutional rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiffs' injuries and damages as Defendants' use of force was objectively reasonable in light of the facts and circumstances confronting them when judged from the perspective of a reasonable officer.

/ / /

/ / /

/ / /

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant City is not liable for Plaintiffs' injuries or damages as its policies, customs and practices were constitutional, lawful, reasonable and/or not a direct or proximate cause of injury to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that any entry to, search(es) and detention complained of in Plaintiffs' Complaint was based on exigent circumstances derived from Defendants' knowledge and observations prior to and at the time of the action taken.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to assert the claims or seek the requested relief in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiffs' injuries or damages as they did not have a duty to use due care towards Plaintiffs, and/or have a special relationship with Plaintiffs, and/or that their acts or omissions were a substantial factor in bringing about Plaintiffs' injuries and damages, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that they are not liable for common law negligence and are only liable pursuant to statute by operation of § 815 of the California Government Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are not liable for Plaintiffs' injuries or damages as Plaintiffs were in violation of Penal Code § 148, and other statutes, and the force used was reasonable to effect the arrest of Plaintiff for a violation of all such statutes.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that any entry to, search(es) and detention complained of in Plaintiffs' Complaint was based on Plaintiffs' consent prior to and at the time of the action taken.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Defendants presently have insufficient knowledge or information on which to form a belief as to whether or not they may have additional, as yet unstated, affirmative defenses available to them.  Accordingly, Defendants reserve the right to assert additional defenses in the event that discovery indicates it would be appropriate.

<u>PRAYER</u>

WHEREFORE, Defendants and each of them pray as follows:

1.     That Plaintiffs take nothing by their Complaint for any of the alleged causes of action contained therein;

2.     That Defendants be awarded their attorneys' fees and costs of suit incurred in defense of this action;

3.     That the liability of Defendants, if any, be limited in proportion to the degree of fault attributable to them, or each of them; and

4.     For such further relief as the Court deems proper and just.

DATED:     November 18, 2014          OFFICE OF THE CITY ATTORNEY
                                       Jeffrey R. Epp, City Attorney
                                       Michael R. McGuinness, Asst. City Attorney

                                       By:    /S/ Andrea M. Velasquez
                                              ANDREA M. VELASQUEZ
                                              Deputy City Attorney


<u>DEMAND FOR JURY TRIAL</u>

Defendants CITY OF ESCONDIDO and CRAIG CARTER, KEVIN TOTH, ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINGWEL hereby demand a trial by jury.

DATED:     November 18, 2014          OFFICE OF THE CITY ATTORNEY
                                       Jeffrey R. Epp, City Attorney
                                       Michael R. McGuinness, Asst. City Attorney

                                       By:    /S/ Andrea M. Velasquez
                                              ANDREA M. VELASQUEZ
                                              Deputy City Attorney