JEFFREY R. EPP, City Attorney/SBN 123565
MICHAEL R. MCGUINNESS, Asst. City Attorney/SBN 132646
MARK BOOKHOLDER, Deputy City Attorney/SBN
OFFICE OF THE CITY ATTORNEY
201 N. Broadway
Escondido, California 92025
(760) 839-4608 Tel.
mmcguinness@ci.escondido.ca.us

Attorneys for Defendants City of Escondido,
Craig Carter, Kevin Toth, Robert Craig,
Huy Quach, Jake Houchin and Joseph Leffingwell

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY and MAGGIE EMMONS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ESCONDIDO; EPD Chief of Police CRAIG CARTER; Former Acting EPD Chief of Police COREY MOLES; EPD Sgt. KEVIN TOTH; EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINGWELL; and DOES 1-50 inclusive <br><br> Defendants. | CASE NO.: '14-CV-1662-JM (DHB) <br><br> REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT <br><br> DATE: 01/11/16 <br> TIME: 10:00 a.m. <br> DEPT: Courtroom 5D <br><br> **ORAL ARGUMENT REQUESTED** |

Defendants CITY OF ESCONDIDO ("City"), CRAIG CARTER, COREY MOLES, ROBERT CRAIG, JAKE HOUCHIN, JOSEPH LEFFINGWELL, and KEVIN TOTH submit the following Reply to Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment.

## II.
## DEFENDANTS HAVE SATISFIED THIER BURDEN OF PROOF

Plaintiffs dispute that Defendants have satisfied their burden of proof sufficient to allow for judgment as a matter of law. As for the issue of entry into Maggie's apartment, Defendants have produced substantial evidence of two relevant and

recognized exceptions to the warrant requirement – the emergency exception and consent. As a result, Plaintiffs must demonstrate that they can meet their burden of proof on each element of each of their Fourth Amendment claims.[1] *Pavao v. Pagay* (9th Cir. 2002) 307 F.3d 915, 919; Rutter Group Practice Guide: Fed.Civ.Trials & Evid. (July 2015) § 8:4988.1.

## II.
## THERE ARE NO DISPUTED MATERIAL FACTS WHICH PREVENT THE COURT FROM GRANTING DEFENDANTS' MOTION AS A MATTER OF LAW

Plaintiffs' Opposition suggests that there remains disputed material facts which prevent the granting of Defendants' motion. (Opposition at 8:3-4 (whether Maggie was angry and emotional), 9:7-11 (whether Maggie gave consent) 10:19-20 (whether officers believed that Marty posed safety risk), 12:17-19 (whether officers who did not physically participate can be held liable), 12:25-26 (whether any constitutional violations occurred). Plaintiffs do not submit any evidence with their opposition and fail to specifically cite to any of the Defendants' exhibits or their own exhibits filed in support of their Motion. Defendants maintain that the Court has before it a record of undisputed material facts that allows for judgment as a matter of law for Defendants on each of the causes of action plead.

Plaintiffs' position in this regard is troubling given their own Motion for Partial Summary Judgment on the very facts and issues they now claim to be in dispute. The parties have brought cross-motions for summary judgment on the same underlying constitutional issues related to the officers' actions at the apartment – whether the entry, arrest and force violated the Fourth Amendment. The parties are relying on the same video, audio and video transcripts, and party deposition testimony. Plaintiffs' own motion is premised with the correct legal standard for summary judgment motions pursuant to Fed.R.Civ.P. 56(c) that there must be "no

---

[1] Defendants agree with Plaintiffs that the reference to the *Pavao v. Pagay* (9th Cir. 2002) 307 F.3d 915, case is confusing. The brief at page 10:25 should read "persuasion" not "non-persuasion."

genuine issue as to any material fact." (Plaintiffs' Motion at 15:14-17.) Plaintiffs fail to explain this inconsistent and unsupported position.

Further, the material facts which form the basis of Defendants' Motion as to the various causes of action are not genuinely disputed. For example, whether the officers could have believed that Marty posed a safety risk as he exited the apartment is judged by an objective standard from the undisputed facts. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996). The video tape provides an important objective and undisputed record of locations, statements, and actions of those involved including all of the events which lead up to Marty exiting the door. *See*, *Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (motion for summary judgment appropriate when videotape demonstrates reasonableness of officer's actions during high speed chase.) It appears that Plaintiffs wish to include their subjective reasoning to subvert the Defendants' Motion when instead, the officers are judged by an objective test in examining their actions under the totality of the circumstances.

This is equally true with the issue of whether any officer may be held liable for the actions of any other officer at the scene. Defendants Craig, Houchin, Toth and Leffingwell are individually moving for summary judgment on the First (False Detention/Arrest), Second (Excessive Force), and Third (Unlawful Search) Causes of Action. (*See*, Defendants' Motion at Section I.C., p. 9.) Plaintiffs contend that there are disputed facts as to "whether the officers who did not physically participate in Marty's arrest or in the search of Maggie's apartment are liable for failing to appropriately intercede or supervise. (Opposition at 12:17-19.) However, Plaintiffs do not take issue with the law governing this question as cited by Defendants. (Defendants' Motion at Section VII, pp. 23-24.) They do not outline any missing or disputed facts which must be tried to a jury. They do not take issue with the authenticity of the video evidence or audio transcripts.

The Court has before it all the facts and law required to grant the individual Defendants' motions as to the various claims alleged by both Plaintiffs.

### III.
### OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY

In their Opposition, as in their own Motion for Summary Judgment, Plaintiffs cite to the same set of four cases as purporting to identify the clearly established law governing a warrantless entry into a home pursuant to the emergency aid doctrine. (Opposition at 11:16-19; Plaintiffs' Motion at 25:9-11.) As Defendants discuss at length in their Opposition to Plaintiffs' Motion, which is incorporated herein as though set forth in full, those cases demonstrate why qualified immunity is appropriate here. (Defendant's Opposition to Plaintiffs' Motion at Section III.) The law is clear that existing precedent "must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Perhaps, most importantly, even if the law was clearly established, an officer is still entitled to qualified immunity if the officer's mistake is reasonable because it "may be difficult for a police officer fully to appreciate how the legal constraints apply to the particular situation he or she faces." *Sjurset v. Button* (9th Cir. 2015) -- F.3d --, 2015 WL 7873404, *5 (December 4, 2015) citing *Blankenhorn v. City of Orange* (9th Cir. 2007) 485 F.3d 463, 471.

Here, the law informs that officers are allowed to be concerned for occupants other than the subject of their dispatch call and officers need not hear active screaming or see clear signs of a struggle to form the reasonable belief there may be someone with life-threatening injuries inside. Officers are also not obligated to take at face value what anyone tells them nor must they conduct a mini-trial to be absolutely, positively sure that there is someone inside the home injured. Courts consistently acknowledge that officers may be accused of being derelict in their duties if they do not take a proactive approach to ensuring that everyone inside the reported location is safe and given that, they should err on the side of caution by entering. *United States v. Black* (9th Cir. 2007) 482 F.3d 1035, 1040; *People v. Higgins* (1994) 26 Cal.App.4th 247, 250.

Plaintiffs' efforts to distinguish *Martin v. City of Oceanside* (9th Cir. 2004) 360 F.3d 1078, *cert. denied* 543 U.S. 817 ("*Martin*"), are unavailing. The officers there were not faced with a history of domestic violence, a report of screaming, plea for help, a phone going dead, or children in the location where an act of some violence took place. At best those officers were faced with a relative reporting that a child had not spoken to him for some time. Unlike Plaintiffs here, the *Martin* court did not take issue with the officers not calling the reporting party to determine whether it was credible report or get more information. The *Martin* officers were confronted by none of the aggravating circumstances these Defendants were facing yet the court found that they did not violate the Fourth Amendment by their warrantless entry to perform a welfare check on the occupant. It cannot be said that this case placed the statutory or constitutional question beyond debate that what these Defendant officers did here was unconstitutional.

## IV.
## DISMISSAL OF DEFENDANTS CITY, CARTER AND MOLES IS APPROPRIATE

Plaintiffs do not dispute the facts or law with respect to Defendants' motion to dismiss Defendants Carter and Moles. (Opposition at 12:27-13:2.) These Defendants are redundant in light of the City being a Defendant and their motion should be granted by the Court.

Plaintiffs also do not dispute the legal premise to Defendant City's Motion for Summary Judgment that it would be entitled to dismissal where there is no predicate constitutional harm inflicted by its employee officers. (Opposition at 12:23-25.) *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In light of the evidentiary record before the Court, no underlying constitutional violation was committed by any Defendant officer and the City's Motion should also be granted.

/ / /

/ / /

/ / /

# X.
# CONCLUSION

Here, each individual Defendant is entitled to judgment on each of Plaintiffs' claims because there was no constitutional violation or, in the alternative, each is entitled to a finding of qualified immunity.

DATED: January 4, 2015

OFFICE OF THE CITY ATTORNEY
Jeffrey R. Epp, City Attorney

By: /S/ Michael R. McGuinness
MICHAEL R. MCGUINNESS
Asst. City Attorney