1  GERALD SINGLETON, SBN 208783
   BRODY A. McBRIDE, SBN 270852
2  SINGLETON LAW FIRM, ACP
   115 West Plaza Street
3  Solana Beach, California  92075
   Tel.          (760) 697-1330
4  Fax.          (760) 697-1329
   Email:      gerald@geraldsingleton.com
5               brody@geraldsingleton.com

6  Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY and MAGGIE EMMONS, | Case No. 3:14-cv-1662-JM-DHB |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 60 MOTION FOR CORRECTION OF ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS** |
| v. | |
| CITY OF ESCONDIDO, EPD Chief of Police CRAIG CARTER, Former Acting EPD Chief of Police COREY MOLES, EPD Sgt. KEVIN TOTH, EPD Officers ROBERT CRAIG, HUY QUACH, JAKE HOUCHIN, and JOSEPH LEFFINGWELL; and DOES 1-50 inclusive. | Judge: Hon. Jeffrey T. Miller<br>Date:   April 25, 2016<br>Time:   10:00 a.m. |
| Defendants. | |

Defendants City of Escondido ("City"), Craig Carter ("Carter"), Cory Moles ("Moles"), Robert Craig ("Craig"), Jake Houchin ("Houchin"), Joseph Leffingwell ("Leffingwell"), and Kevin Toth ("Toth") ask the Court, pursuant to Federal Rule of Civil Procedure 60(a), to amend the Court's March 2, 2016 Order Granting Motion for Summary Judgment in Favor of Defendants and Against Plaintiffs ("Order"), (ECF No. 40), as follows:

   1. City's Motion is GRANTED as to the First, Second and Third Causes of Action;

2. Carter's Motion is GRANTED as to the entire FAC;

3. Moles' Motion is GRANTED as to the entire FAC;

4. References to Defendant Quach be removed as a Defendant in whose favor summary judgment has been granted; and

5. References to Defendant "Leffinwell" are corrected to "Leffingwell."

(ECF No. 42-1 at 4.)

Plaintiffs do not oppose modifying the Order in accordance with items 2, 3, 4, and 5, above. Plaintiffs do, however, oppose Defendants' request to modify the order as stated in item 1, above.

Defendants assert: "Defendant City moved for summary judgment on [Plaintiffs' First, Second, and Third] causes of action on the grounds that since the individual employee Defendant officers did not violate Plaintiffs' civil rights, the City had no liability under 42 U.S.C. § 1983 solely on the theory that it employed an alleged tortfeasor." (ECF No. 42-1 at 3.)

The City, however, was not named as a Defendant to Plaintiffs' First, Second, or Third Causes of Action. (ECF No. 9, FAC ¶¶ 51-72.) And because vicarious liability is inapplicable to § 1983 suits, *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009), the City simply has no standing to challenge Plaintiffs' First, Second, or Third Causes of Action.

That said, Plaintiffs and the City have stipulated to the following:

> The parties agree that should the court rule in the cross motions that none of the Defendant police officers violated both of the Plaintiffs' federal civil rights or they all have qualified immunity from any liability to Plaintiffs, neither of the Plaintiffs would have a viable federal civil rights claim based on the facts alleged by Plaintiffs in this case, including the Monell claims, against the City, Chief of Police Craig Carter, and (former) Acting Chief of Police Corey Moles.

(ECF No. 22, "Stipluaton" at 2.)

Plaintiffs stipulated as much in light of the rule that, where there is no underlying constitutional violation, a municipality cannot be held liable under *Monell*. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) ("Because we hold that there was

Case 3:14-cv-01662-JM-BLM   Document 45   Filed 04/11/16   PageID.1015   Page 3 of 3

1. no underlying constitutional violation, the [plaintiffs] cannot maintain a claim for municipal liability."). Thus, while Plaintiffs' *Monell* claims against the City may—in light of the Stipulation and Order—be dismissed without prejudice at this time, there is no basis for entering judgment in the City's favor on Plaintiffs' non-*Monell* claims (i.e., First, Second, and Third Causes of Action).

Based on the foregoing, Defendants' Rule 60 Motion should be denied with regard to the City's request for judgment in its favor, i.e., item 1, above. Plaintiffs are unopposed to the City's remaining requests, i.e., items 2, 3, 4, and 5, above.

Dated: April 11, 2016           SINGLETON LAW FIRM, APC

By:   */s/ Brody McBride*_____

Attorneys for Plaintiffs

3                                              14cv1662